**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EGLIS PATRICIA PADILLA HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2672-G** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Eglis Patricia Padilla Hernandez, a citizen of Venezuela proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release her from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Venezuela who was processed by the Department of Homeland Security ("DHS") and paroled into the United States upon her entry on or about September 25, 2022. (Doc. 1, at 7; *id.* at Ex. 4, at 2).

- On or about April 8, 2026, ICE took Petitioner into custody in Florida. (Doc. 1, at 5, 13).

- On July 21, 2026, an immigration judge denied Petitioner's request for a custody redetermination finding "the court lack[ed] jurisdiction" since Petitioner was "properly classified as an arriving alien." (Doc. 1, at Ex. 3, at 4).

- Petitioner's removal proceedings remain pending, and an individual hearing is scheduled for November 4, 2026. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 3, 2026). Thus, Petitioner is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. Her continued detention without an individualized bond determination is unlawful because her detention is governed by 8 U.S.C. § 1226(a). (Doc. 1, at 7).

2. Her continued detention without meaningful administrative custody review is unlawful. (*Id.*)

3. Her continued detention is causing substantial medical and humanitarian harm. (*Id.* at 7-8, 11).

As relief, Petitioner requests an individualized bond hearing or, alternatively, release from custody. (*Id.* at 8).[3]

While maintaining that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), and request that any order be limited to a bond hearing within seven days. (Doc. 8, at 1-2).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz*, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.[4]

---

[3] Petitioner also asks the Court to consider her medical and humanitarian circumstances, (Doc. 1, at 8), but the relief recommended is limited to what is described below.

[4] The immigration judge declined to consider Petitioner's request for a custody redetermination hearing on the ground that she is an arriving alien. (Doc. 1, at Ex. 3, at 4). Respondents do not argue that Petitioner is detained as an arriving alien under 8 U.S.C.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that she is in custody in violation of the laws of the United States, and she is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's remaining claims, particularly as they would not result in greater relief. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release her from custody.

---

§ 1225(b)(1), and in any event, Judges in this District have repeatedly rejected the contention that a non-citizen paroled into the interior remains an arriving alien subject to mandatory detention. *See, e.g.*, *Navas Miranda v. Bradford*, No. CIV-26-1254-J, 2026 WL 3093491, at *1-2 & n.2 (W.D. Okla. Oct. 16, 2026) (collecting cases and concluding that "the matter is well settled in this Court"); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("[T]he Court concludes that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under § 1225(b)(1)."). *But see Kvaratskhelia v. Blanche*, No. CIV-26-1673-JD, Doc. 13, at 17-18 (W.D. Okla. Sept. 29, 2026).

**The Court advises the parties of their right to object to this Report and Recommendation by November 12, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 4th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").